## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **RICARDO E. RODRIGUEZ** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **SAHIJPAL SINGH and** | ) |
| **DEOL TRUCKLINE, INC.** | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, RICARDO E. RODRIGUEZ, an individual by and through his attorneys, The Ammons Law Firm, L.L.P. (Robert E. Ammons, Esq.) and James Kennedy, P.L.L.C. (James B. Kennedy, Jr., Esq.) and states the following as his Original Complaint for Damages and Demand for Jury Trial:

### I. PARTIES

1. Plaintiff Ricardo E. Rodriguez is an individual and citizen of the State of Texas. Plaintiff brings this cause as a result of injuries and damages he suffered in consequence of the events hereafter set forth which occurred in New Mexico.

2. Defendant Sahijpal Singh ("Singh") is an individual and citizen of the State of California. He resides in San Bernardino County and may be served at his residence, 3303 South Archibald Avenue. Apt 160, Ontario, California 91761.

3. Defendant Deol Truckline Inc. ("Deol Truckline") is a corporation incorporated under California law with its principal place of business in California. Deol Truckline has

transacted business in the State of New Mexico at all times relevant hereto but has failed to designate an agent for service of process. Pursuant to NMSA 1978, Section 38-1-6, service of process may be obtained by serving the New Mexico Secretary of State with two copies of the process in this cause. The New Mexico Secretary of State will then complete service by serving its registered agent: Arshdeep Singh Deol, 4216 Sierra Redwood Drive, Bakersfield, California 93313.

## II. JURISDICTION AND VENUE

4. The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

5. This Court has diversity jurisdiction over the claims in this Complaint according to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum or value of $75,000.00 and the controversy is between diverse citizens of different States.

6. Venue is proper in the District of New Mexico pursuant to 28 U.S.C. § 111 and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Luna County, New Mexico.

7. Jurisdiction over the parties is proper with this Court pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA, Section 38-1-16. The events and occurrences giving rise to the action for the motor vehicle crash and the resulting injuries occurred in Luna County, New Mexico.

8. Defendant Singh and Defendant Deol Truckline are subject to the jurisdiction of the New Mexico Courts because they committed tortious acts in the State of New Mexico.

### III.   FACTUAL BACKGROUND

9. The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

10. On February 14th, 2021, Defendant Singh was operating a 2017 Freightliner towing a Utility Trailer. The Freightliner was owned by Defendant Deol Truckline and was being operated by Defendant Singh, an employee of Defendant Deol Truckline in the course and scope of his employment.

11. On said day, Defendant Singh was traveling eastbound on Interstate 10 in Luna County, New Mexico, when he approached a 2019 Chevrolet Silverado being driven by Plaintiff Ricardo E. Rodriguez. Due to Defendant Singh traveling at an unsafe speed and the snow-packed conditions of the road, Defendant Singh was unable to stop in time to avoid colliding with Plaintiff, rear-ending Plaintiff's vehicle.

12. The officer responding to the scene noted in the State of New Mexico Uniform Crash Report that "excessive speed" for the conditions and the weight of the vehicle, on behalf of Defendant Singh, contributed to the crash:

| APPARENT CONTRIBUTING FACTORS |
|---|
| **EXCESSIVE SPEED** |

13. As a result of the collision, Plaintiff sustained serious injuries, including a spinal injury requiring L3-L5 transforaminal lumbar fusion.

## IV. CLAIMS FOR RELIEF

### COUNT 1:
### Negligence Against Defendant Singh

14. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

15. Plaintiff alleges that Defendant Singh had a duty to act as a reasonable and prudent commercial vehicle operator would have acted under the same or similar circumstances, and to exercise ordinary care. Plaintiff alleges that Defendant Singh breached such duties by committing the following negligent acts and/or omissions:

   a. Failing to control his speed;

   b. Failing to take evasive action;

   c. Failing to timely apply his brakes;

   d. Driving carelessly;

   e. Being inattentive;

   f. Failing to properly control his vehicle; and

   g. Failing to avoid a collision.

16. Plaintiff alleges that Defendant Singh violated 49 CFR § 392.14 by failing to use "extreme caution" in the operation of a commercial motor vehicle in hazardous conditions, such as those caused by snow, or pull over and discontinue operation until the commercial motor vehicle can be safely operated.

17. Each of the above acts and/or omissions, singularly or cumulatively, constitutes negligence and was a direct and proximate cause of the crash in question and the resulting injuries and damages to Plaintiff.

## COUNT 2:
### Negligence Against Defendant Deol Truckline, Inc.

18. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

19. At all relevant times, Defendant Deol Truckline was the owner of the tractor-trailer involved in the crash, as well as the employer of Defendant Singh. Further, Defendant Singh was acting within the course and scope of his employment with Defendant Deol Truckline at the time of the crash. At all relevant times, Defendant Singh was working under the control of Defendant Deol Truckline and in furtherance of Defendant Deol Truckline's legitimate business activities.

20. Plaintiff alleges that Defendant Deol Truckline is vicariously liable for the negligence of Defendant Singh, as described above, based on the doctrine of *respondeat superior*.

21. Plaintiff further alleges that Defendant Deol Truckline had a duty to act as a reasonable and prudent commercial motor carrier would have acted under the same or similar circumstances, and to exercise ordinary care. Plaintiff alleges that Defendant Deol Truckline breached such duties by committing the following negligent acts and/or omissions:

   a. Defendant Deol Truckline was negligent in failing to properly hire, supervise, monitor, and train Defendant Singh regarding safe driving practices and safe operation of its tractor-trailer.

   b. Defendant Deol Truckline was negligent in failing to properly and safely manage its fleet.

   c. Defendant Deol Truckline was independently negligent in the entrustment of its vehicle to Defendant Singh.

22. Each of the above acts and/or omissions by Defendant Deol Truckline, singularly or cumulatively, was a direct and proximate cause of the crash in question and the resulting injuries and damages to Plaintiff.

## COUNT 3:
## Damages Against All Defendants

23. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

24. As a direct and proximate result of the negligent actions and conduct of the Defendants, Plaintiff was seriously injured.

25. Plaintiff is entitled to an award of personal injury damages and compensation for his past and future medical expenses, pain and suffering, mental anguish, physical disfigurement, lost wages, and loss of earning capacity.

26. Further, Plaintiff is entitled to pre-judgment interest at the rate allowed by statute on all amounts as may be awarded herein from the date of the service of the Complaint on the Defendants as well as post-judgment interest on the judgment entered after trial as allowed by law.

27. In addition to the compensatory damages stated above, Defendants' acts and omissions and their deliberate indifference with regard to the health and safety of Plaintiff constitute gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct.

28. Among others, these intentional, malicious, willful, reckless, and/or wanton acts and omissions of the Defendants, either singularly, in combination, or based on the cumulative conduct of their respective agents and employees, were a cause of Plaintiff's conscious pain and suffering, injuries, and damages. Accordingly, the Defendants are liable for punitive damages.

## V. DEMAND FOR JURY TRIAL

29. Plaintiff Ricardo E. Rodriguez demands a jury trial for all issues triable to a jury pursuant to Federal Rule of Civil Procedure 38.

## VI. CONCLUSION

30. WHEREFORE, Plaintiff Ricardo E. Rodriguez requests judgment against Defendants Sahijpal Singh and Deol Truckline Inc. for Plaintiff's actual and compensatory damages, pre-judgment and post-judgment interest at the legal rate, punitive damages, costs of court, and such other and further relief to which Plaintiff may be entitled under the facts and circumstances.

Respectfully submitted,

THE AMMONS LAW FIRM L.L.P.

Robert E. Ammons
New Mexico Bar No. 152031
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159
E-mail: rob@ammonslaw.com
E-mail: terri@ammonslaw.com

**JAMES KENNEDY, P.L.L.C.**
James B. Kennedy, Jr.
New Mexico Bar No. 8280
6216 Gateway Boulevard East
El Paso, Texas 79905
Telephone: (915) 544-5200
Facsimile: (915) 532-2423
E-mail: courts@epinjury.com

*Attorneys for Plaintiff*